UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY CARROLL,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | Case No. EDCV 10-1369 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I. SUMMARY

On September 17, 2010, plaintiff Jimmy Carroll ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; September 20, 2010, Case Management Order, ¶ 5.
///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand because the Administrative Law Judge ("ALJ") failed properly to evaluate the medical opinion evidence.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On January 3, 2008 and January 29, 2008, plaintiff filed, respectively, applications for Supplemental Security Income benefits and Disability Insurance Benefits. (Administrative Record ("AR") 8). Plaintiff asserted that he became disabled on June 21, 2007, due to knee and lower back injuries, a bone spur in his neck, and chronic arthritis. (AR 8, 143). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), a medical expert and a vocational expert on March 30, 2010. (AR 23).

On May 14, 2010, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 8, 18). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disk disease and degenerative arthritis of the neck and low back, mild osteoarthritis of the left knee, and obesity (AR 10); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 10-11); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b); 416.967(b)) with additional exertional and nonexertional limitations (AR 11);[1] (4) plaintiff could not perform his past

---

[1] The ALJ determined that plaintiff (i) could lift and carry 20 pounds occasionally and 10 pounds frequently; (ii) could stand and walk for 2 hours out of an 8-hour work day; (iii) should avoid uneven surfaces; (iv) could sit for 8 hours out of an 8-hour work day with normal breaks (*i.e.*, every 2 hours); (v) could occasionally stoop and bend; (vi) could climb stairs, but could not climb ladders, work at heights or balance; (vii) could do occasional neck motion, but should avoid extremes of motion; (viii) should be permitted to hold his head in a comfortable position

(continued...)

relevant work (AR 16); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 17); and (6) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 12).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R.

---

[1](...continued)
most of the time; and (ix) could occasionally maintain a fixed head position for 15-30 minutes at a time. (AR 11).

|   |     | Part 404, Subpart P, Appendix 1?  If so, the claimant is |
|---|-----|----|

1 | Part 404, Subpart P, Appendix 1? If so, the claimant is
2 | disabled. If not, proceed to step four.
3 | (4) Does the claimant possess the residual functional capacity to
4 | perform his past relevant work? If so, the claimant is not
5 | disabled. If not, proceed to step five.
6 | (5) Does the claimant's residual functional capacity, when
7 | considered with the claimant's age, education, and work
8 | experience, allow him to adjust to other work that exists in
9 | significant numbers in the national economy? If so, the
10 | claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty to fully and fairly develop record and to assure that claimant's interests are considered). The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54 (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.  Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a

mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that the ALJ materially erred in failing to mention a physical residual functional capacity form ("RFC form") that was made part of the administrative record after the hearing. (Plaintiff's Motion at 2) (citing AR 484-86). The Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

The RFC form does not identify the physician who completed it because the doctor's signature is illegible and, since the first page of the form is missing, the form also does not identify the patient to whom it applies. (AR 485-86). The RFC form reflects that the unidentified patient has the following limitations: (i) must walk around every 20 minutes for five minutes at a time; (ii) could never twist, crouch or climb ladders, and occasionally stoop/bend and climb stairs; (iii) is limited in the ability to reach, handle, and push/pull; (iv) must avoid all exposure to extreme cold, wetness and hazards (*e.g.*, machinery, heights), and must avoid even moderate exposure to extreme heat, humidity, and fumes, odors, dusts gasses and poor ventilation; and (v) would be absent from work more than three times a month. (AR 485-86).

It is puzzling that neither plaintiff nor his attorney is able to identify the physician who authored the RFC form – particularly since plaintiff suggests that

1 | the author was a treating physician, and plaintiff's counsel was the person who
2 | originally faxed the form to the ALJ for inclusion in the administrative record.
3 | (Plaintiff's Motion at 2; AR 485). Nonetheless, since the ALJ accepted the RFC
4 | form as part of plaintiff's medical record and the Court cannot conclude on this
5 | record that it was not prepared by a treating physician (or other medical source
6 | whose opinion the ALJ was required to consider and expressly address), the ALJ's
7 | complete failure to address the medical opinions expressed in the RFC form was
8 | legal error. See Lingenfelter v. Astrue, 504 F.3d 1028, (9th Cir. 2007) ("[W]hen
9 | the ALJ completely ignores or neglects to mention a treating physician's medical
10 | opinion that is relevant to the medical evidence being discussed . . . [the case]
11 | should be remanded to the agency for proper consideration of the evidence.")
12 | (citation omitted).

The Court cannot find the error harmless. Assuming the RFC form applies to plaintiff, it assesses functional limitations that are significantly more restrictive than the ALJ's residual functional capacity assessment and, if true, suggest a finding of "disabled" in plaintiff's case.

Although, as defendant argues, the ALJ may properly have rejected the opinions expressed in the RFC form for clear and convincing reasons based on substantial other conflicting evidence, such an argument is unavailing. This Court is constrained to review the reasons cited by the ALJ. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).

Accordingly, this case must be remanded to permit the ALJ properly to consider the medical opinion evidence.

///
///
///
///
///

6

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 24, 2011

                                            /s/
                                   Honorable Jacqueline Chooljian
                                   UNITED STATES MAGISTRATE JUDGE

---

[2] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).